BENJAMIN A. HERBERT (State Bar No. 277356)
bherbert@millerbarondess.com
MILLER BARONDESS, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, California 90067
Telephone: (310) 552-4400
Facsimile: (310) 552-8400

LAWRENCE ROBERT LAPORTE
lawrence.laporte@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD and SMITH LLP
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: (213) 250-1800
Facsimile: (213) 250-7900

MICHAEL J. LYONS
michael.lyons@morganlewis.com
MORGAN LEWIS AND BOCKIUS
1400 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 843-4000
Facsimile: (650) 843-4001

Attorneys for Plaintiffs/Cross Defendants HYPER ICE, INC., and HYPERICE IP SUBCO, LLC

Attorneys for Defendant/Cross-Complainant JOICOM CORPORATION d/b/a RENPHO

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| HYPER ICE, INC. and HYPERICE IP SUBCO, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>JOICOM CORPORATION d/b/a RENPHO,<br><br>Defendant. | **CASE NO. 8:24-cv-00098-JWH-DFM**<br><br>**JOINT RULE 26(F) REPORT**<br><br>The Hon. John W. Holcomb |
| JOICOM CORPORATION d/b/a RENPHO,<br><br>Cross-Complainant,<br><br>v.<br><br>HYPER ICE, INC. and HYPERICE IP SUBCO, LLC,<br><br>Cross-Defendants. | |

1. **Statement Of The Case:** Plaintiffs Hyper Ice, Inc. and Hyperice IP Subco, LLC ("Plaintiffs" or, collectively, "Hyperice") contend that Defendant Joicom Corporation dba Renpho. ("Defendant" or "Renpho") willfully infringes Hyperice's U.S. Patent No. 11,857,482 ("the '482 Patent"), issued on January 2, 2024. Renpho denies these allegations of infringement and further contends that it does not infringe the '482 Patent and that the '482 Patent is invalid.

2. **Subject Matter Jurisdiction:** This Court has subject matter jurisdiction over Hyperice's claims asserted herein pursuant to 28 U.S.C. §§ 1331 and 1338(a) because those claims arise under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*.

3. **Legal Issues:** The key legal issues are patent infringement, willful infringement, patent invalidity, and damages.

4. **Parties, Evidence, Etc.:** The key parties are Plaintiffs Hyper Ice, Inc. and Hyperice IP Subco, LLC and Defendant. Hyperice intends to have one or more corporate representatives appear as a witnesses, likely including but not limited to its CEO, Jim Huether, and its Senior Vice President of Sales, Ashley Price. Other key witnesses are currently unknown to Hyperice, but likely include witnesses related to Defendant's willful infringement, and also one or more expert witnesses regarding infringement, invalidity, and/or damages.

Renpho responds that it also intends for one or more of its corporate witnesses to testify at trial in this matter, and that it further intends to rely upon one or more expert witnesses on topics such as claim construction, infringement, invalidity, and damages. Renpho may also seek third party discovery from the named inventors of the asserted patent and on other topics such as Plaintiffs' licensing practices.

5. **Damages:** Hyperice lacks sufficient information at this early stage to provide a narrow damages range, because damages will depend upon Defendant's sales data, and Defendant has not yet provided such data. Based on very rough estimates of Defendant's actual and expected sales, primarily on Amazon.com, Hyperice believes that, at the time of trial, damages will be a combination of lost profits and reasonable royalty in the range of $10 million to $30 million, not including enhanced damages.

Renpho denies infringement, denies that Plaintiffs are entitled to lost profits in the event that they establish infringement of one or more valid claims of the asserted patent, and further denies that Hyperice's estimated damages are either reasonable or realistic.

6. **Insurance:** Hyperice is not aware of any relevant insurance coverage. Renpho is not currently aware of any relevant insurance coverage.

7. **Motions:** The parties do not expect any motions seeking to add other parties or claims, to file amended pleadings, or to transfer venue. The parties expect motions for summary judgment pertaining to infringement, invalidity, and damages at the appropriate time in this case.

8. **Manual For Complex Litigation:** The parties do not think that all or part of the procedures of the Manual for Complex Litigation should be utilized for this case. The parties request that this Court utilize the Patent Local Rules for the Northern District of California for this matter. The proposed deadlines listed herein follow the sequencing of these Patent Local Rules.

9. **Status Of Discovery:** No party has initiated discovery as of the date of this report.

10. **Discovery Plan:**

(A) The parties do not recommend any changes in the timing, form, or requirement for disclosures under Rule 26(a). The parties anticipate that initial disclosures will be made within 14 days following the date that Defendant files its Answer to the Complaint.

(B) Discovery may be needed pertaining to patent infringement, willful infringement, patent invalidity, and damages.

(C) The parties do not anticipate any issues regarding disclosure, discovery, or preservation of electronically stored information, and the parties will reach an agreement regarding the form or forms in which it should be produced. The parties have agreed that they will not seek discovery of social media or text messages.

(D) The parties intend to present a proposed Protective Order to this Court, and the parties expect that the Protective Order will cover these issues. The parties have agreed that neither party needs to include in its privilege log any communications made after the date of the filing of the initial Complaint.

(E) The parties do not anticipate that any changes should be made in the limitations on discovery imposed under these rules or by local rule, or that any other limitations should be imposed.

(F) The parties do not propose that the court issue any other orders under Rule 26(c) or under Rule 16(b) and (c), other than the aforementioned proposed Protective Order.

11. **Discovery Cutoff:** The parties' proposed dates are included in Exhibit A.

12. **Expert Discovery:** The parties' proposed dates are included in Exhibit A.

13. **Dispositive Motions:** The parties expect motions for summary judgment pertaining to infringement, invalidity, and damages at the appropriate time in this case.

14. **Settlement/Alternative Dispute Resolution (ADR):** The parties prefer mediation with a private mediator.

15. **Trial Estimate:** The parties anticipate that the trial will be a 3-5 day jury trial. Hyperice anticipates calling 2-4 witnesses. Renpho anticipates calling a similar number of witnesses.

16. **Trial Counsel:** Hyperice expects that the attorneys trying this case for Hyperice will be Ben Herbert of Miller Barondess, LLP and Lawrence LaPorte of Lewis Brisbois Bisgaard & Smith LLP. Defendant expects that the attorneys trying this case for Defendant will be Michael Lyons and Corey Houmand of Morgan, Lewis & Bockius LLP.

17. **Independent Expert or Master:** The parties do not anticipate the need for a master pursuant to Rule 53 or an independent scientific expert.

18. **Timetable:** The parties have submitted a proposed schedule, which is

5

attached as Exhibit A to this Rule 26(f) report.

19. **Amending Pleadings and Adding Parties:** The parties do not anticipate filing any additional amended pleadings.

20. **Other Issues:** The parties do not anticipate any other issues affecting the status or management of the case, and do not expect to make any proposals concerning severance, bifurcation, or other ordering of proof.

21. **Consent To Proceed Before Magistrate Judge:** Counsel for all parties have discussed whether the parties consent to have a Magistrate Judge of this Court, and the parties have decided not to consent to assignment to a Magistrate Judge.

DATED: June 7, 2024  Respectfully Submitted,

**MILLER BARONDESS, LLP**

By: _____
 BENJAMIN A. HERBERT

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
LAWRENCE R. LAPORTE
/s/
Attorneys for Plaintiffs
HYPER ICE, INC., and HYPERICE IP SUBCO, LLC

DATED: June 7, 2024  Respectfully Submitted,

**MORGAN LEWIS AND BOCKIUS LLP**

By: */s/ Michael J. Lyons*
 MICHAEL J. LYONS

## SIGNATURE ATTESTATION

The other signatories listed, and on those behalf the filing is submitted, concur in the filing's content and have authorized the filing.

EXHIBIT A: SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

Case No:    8:24-cv-00098-JWH-DFM

Case Name: Hyper Ice, Inc., et al. v. Joicom Corporation dba Renpho.

| Event | Joint Request[1] | Court's Order |
|---|---|---|
| Claim Construction Hearing | Tuesday, Jan. 7, 2025, at 10:00 a.m. | |
| Deadline for Parties to file Simultaneous Responsive Claim Construction Briefs | Dec. 16, 2024 | |
| Deadline for Parties to file Simultaneous Opening Claim Construction Briefs | Dec. 2, 2024 | |
| PR 4-4 Completion of Claim Construction Discovery (30 days after PR 4-3) | Nov. 15, 2024 | |

---

[1] The parties' jointly-proposed dates are identical to the dates in the Scheduling Order issued by this Court on May 31, 2024 for the related case titled *Hyper Ice, Inc. et al v. Bob and Brad, LLC*, 2:24-cv-03212-JWH(DFMx).

| Event | Joint Request[1] | Court's Order |
|---|---|---|
| PR 4-3 Joint Claim Construction and Prehearing Statement and Expert Reports (60 days after PR 3-3) | Oct. 18, 2024 | |
| PR 4-2 Exchange of Preliminary Claim Constructions and Extrinsic Evidence (21 days after PR 4-1) | Sept. 23, 2024 | |
| PR 4-1 Exchange of Proposed Terms for Construction (14 days after PR 3-3) | Sept. 2, 2024 | |
| PR 3-3 Invalidity Contentions (45 days after PR 3-1) | Aug. 19, 2024 | |
| PR 3-1 Disclosure of Asserted Claims and Infringement Contentions (14 days after ICM) | July 5, 2024 | |
| Initial Case Management Conference | | June 21, 2024 |

ADR (L.R. 16-15) Settlement Choice: [Attorney Settlement Officer Panel, Private Mediation, or Magistrate Judge] Private Mediation.