RENNER OTTO
MARK C. JOHNSON (Pro Hac Vice)
mjohnson@rennerotto.com
KYLE B. FLEMING (Bar No. 166386)
kfleming@rennerotto.com
SARAH L. BOONE (Pro Hac Vice)
sboone@rennerotto.com
1621 Euclid Avenue, Floor 19
Cleveland, Ohio 44115
T: 216.621.1113
F: 216.621.6165

AVYNO LAW, P.C.
JENNIFER H. HAMILTON (SNB: 220439)
6345 BALBOA BLVD., SUITE 312. BUILDING I
ENCINO, CA 91316
TELEPHONE: +1.818.654.8841
FACSIMILE: +1.818.332.4205

COUNSEL FOR DEFENDANT MERCHSOURCE LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| HYPER ICE, INC. and HYPERICE IP SUBCO, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MERCHSOURCE, LLC,<br><br>Defendant. | **CASE NO. 8:24-cv-00098-JWH-(DFMx) (Lead)**<br><br>**CASE NO. 8:24-cv-00410-JWH-(DFMx) (Consolidated)**<br><br>**ANSWER TO FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Trial Date:   None Set |

RENNER OTTO
1621 EUCLID AVE., FLOOR 19
CLEVELAND, OHIO 44115 U.S.A.

For its Answer to the First Amended Complaint filed by Plaintiffs Hyper Ice, Inc. and Hyperice IP Subco, LLC (collectively, "Plaintiffs"), Defendant MerchSource, LLC ("MerchSource" or "Defendant") through its counsel, hereby denies each and every allegation except as expressly admitted or qualified as follows:

1. The allegations of this paragraph require no response. If such a response is required, denied.

## THE PARTIES

2. Defendant is without sufficient information or belief to admit or deny the allegations in this paragraph and therefore denies them.

3. Defendant is without sufficient information or belief to admit or deny the allegations in this paragraph and therefore denies them.

4. Admitted.

5. Defendant admits that it sells percussion massagers to consumers in this District, throughout the state of California and throughout the United States. Defendant admits that it sells percussion massagers via Amazon and also to various retail stores. Defendant denies that any such products are infringing. Defendant denies the remaining allegations of this paragraph.

## JURISDICTION AND VENUE

6. This paragraph contains legal conclusions for which no response is required. To the extent a response is required, Defendant admits that Plaintiffs purport to bring a patent infringement action involving U.S. Patent Nos. 11,857,482 ("'482 Patent") and U.S. Patent No. 11,938,082 ("'082 Patent") under Title 35 of the United States Code. Defendant denies the remaining allegations in paragraph.

7. This paragraph contains legal conclusions for which no response is required. To the extent a response is required, Defendant admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Defendant denies the remaining allegations in paragraph.

ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS

RENNER OTTO
1621 EUCLID AVE., FLOOR 19
CLEVELAND, OHIO 44115 U.S.A.

8.    Defendant admits that this Court has personal jurisdiction over Defendant by virtue of Defendant's conduct of business in this District; its purposeful availment of the rights and benefits of California law; and its substantial, continuous, and systematic contacts with the State of California and this District. Defendant admits that it (1) markets and sells percussion massagers to residents of this State; (2) enjoys substantial income from this State; and (3) maintains its principal place of business in this State. Defendant denies the remaining allegations in paragraph.

9.    Defendant admits that venue is proper in this District. Defendant denies the remaining allegations in paragraph.

**GENERAL ALLEGATIONS**

10.    Defendant states that the '482 Patent includes the title "Massage Device Having Variable Stroke Length," indicates that it issued on January 2, 2024, and indicates that it claims priority to Application No. 14/317,573, filed on June 27, 2014 and Provisional Application No. 61/841,693, filed on July 1, 2013. Defendant also admits that Exhibit 1 to the Complaint purports to be a copy of the '482 Patent. Defendant denies the remaining allegations of this paragraph.

11.    Defendant states that the '082 Patent includes the title "Massage Device Having Variable Stroke Length," indicates that it issued on March 26, 2024, and indicates that it claims priority to Application No. 14/317,573, filed on June 27, 2014 and Provisional Application No. 61/841,693, filed on July 1, 2013. Defendant also admits that Exhibit 2 to the Complaint purports to be a copy of the '082 Patent. Defendant denies the remaining allegations of this paragraph.

12.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies those allegations.

13.    Denied.

14.    Defendant lacks knowledge or information sufficient to form a belief

about the truth of the allegations in this paragraph and therefore denies those allegations.

15. Defendant admits that it sells the Powerboost, Powerboost Deep Tissue, Powerboost Flex Pivot, Powerboost Pro+ Hot & Cold, Powerboost Palm, and Powerboost Move percussion massagers. Defendant denies the remaining allegations of this paragraph.

16. Defendant admits that Plaintiffs filed suit in the United States District Court for the District of Delaware and identified the '482 Patent in the complaint. *Hyper Ice, Inc. v. MerchSource, LLC,* Case No. 1:24-cv-00056. Defendant also admits that prior to filing the present action Plaintiffs sent claim charts to Defendant. Defendant denies the remaining allegations of this paragraph.

17. Defendant admits that it was aware of the '082 Patent as of July 9, 2024. Defendant denies the remaining allegations of this paragraph.

## COUNT 1 – PATENT INFRINGEMENT

18. Defendant incorporates by reference its responses to paragraphs 1-17 above as if set forth fully herein.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

## COUNT 2 – PATENT INFRINGEMENT

24. Defendant incorporates by reference its responses to paragraphs 1-23 above as if set forth fully herein.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

RENNER OTTO
1621 EUCLID AVE., FLOOR 19
CLEVELAND, OHIO 44115 U.S.A.

29. Denied.

## PRAYER FOR RELIEF

30. Defendant denies that Plaintiffs are entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

31. Defendant asserts the following defenses, undertaking the burden of proof only as to those defenses required by law regardless of how such defenses are denominated herein. Defendant reserves the right to assert additional defenses that become known through fact discovery or otherwise.

### FIRST DEFENSE
### (Non-Infringement)

32. Defendant does not and has not infringed any properly construed, valid, and enforceable claim of the '482 Patent or the '082 Patent, either directly, indirectly, contributorily, by inducement, literally, under the doctrine of equivalents, jointly, willfully, or in any other manner.

### SECOND DEFENSE
### (Invalidity)

33. Each claim of the '482 Patent or the '082 Patent is invalid for failure to meet the requirements of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and/or 116, or any other judicially created bases for invalidation.

### THIRD DEFENSE
### (Prosecution History Estoppel/Disclaimer)

34. Plaintiffs' claims are barred in whole or in part by the doctrines of prosecution history estoppel and/or prosecution history disclaimer, including but not limited to arguments, amendments, statements, representations, and admissions made during prosecution of the applications resulting in the '482 Patent or the '082

RENNER OTTO
1621 EUCLID AVE., FLOOR 19
CLEVELAND, OHIO 44115 U.S.A.

Patent and/or applications related thereto. Plaintiffs are estopped from using the doctrine of equivalents to claim infringement of the claims as alleged in the Complaint and/or Plaintiffs are barred from an interpretation of any claim term that includes scope that was disavowed or disclaimed during prosecution.

**FORTH DEFENSE**
**(Ensnarement)**

35.    Plaintiffs cannot assert the claims of the '482 Patent or the '082 Patent under the doctrine of equivalents because the asserted claim scope would encompass or ensnare the prior art.

**FIFTH DEFENSE**
**(Equitable Doctrines)**

36.    Plaintiffs' claims against Defendant regarding the '482 Patent and the '082 Patent are barred by the equitable doctrines of waiver, estoppel, acquiescence, and/or unclean hands.

**SIXTH DEFENSE**
**(35 U.S.C. § 287 – Limitation on Damages)**

37.    To the extent Plaintiffs and any alleged predecessors in interest to the '482 Patent or the '082 Patent failed to properly mark, or require any licensees to properly mark, any of their relevant systems or products as required by 35 U.S.C. § 287 or otherwise give proper notice that Defendant's actions allegedly infringed the '482 Patent or the '082 Patent, Defendant is not liable to Plaintiffs for the acts alleged to have been performed before Defendant received actual notice thereof. Accordingly, upon information and belief, Plaintiffs' claims for recovery of alleged damages are barred and/or limited at least by 35 U.S.C. § 287.

**SEVENTH DEFENSE**
**(35 U.S.C. § 288 – No Costs)**

38.    Plaintiffs' claims for costs are barred and/or limited under 35 U.S.C. § 288 for failure to disclaim any invalid claim(s) before commencing this action.

ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS

RENNER OTTO
1621 EUCLID AVE., FLOOR 19
CLEVELAND, OHIO 44115 U.S.A.

**EIGHTH DEFENSE**
**(Adequate Remedy at Law)**

39.     Plaintiffs are not entitled to injunctive relief because any alleged injury to Plaintiffs is not immediate or irreparable and Plaintiffs have an adequate remedy at law.

40.     Defendant reserves the right to assert additional defenses based on information learned or obtained during discovery.

## COUNTERCLAIMS

41.     Without admitting any of the allegations of the Complaint other than those expressly admitted herein, and without prejudice to MerchSource's right to plead additional counterclaims as additional information becomes available, Counterclaim-Plaintiff MerchSource alleges as follows against Counterclaim-Defendants Hyper Ice, Inc. and Hyperice IP Subco, LLC (collectively "Hyperice"):

### THE PARTIES

42.     Counterclaim-Plaintiff MerchSource is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business at 7755 Irvine Center Drive, Suite 100, Irvine, CA 92618.

43.     On information and belief, Counterclaim-Defendant Hyper Ice, Inc. alleges it is a corporation organized under the laws of the State of California with its principal place of business at 525 Technology Drive, Suite 100, Irvine, CA 92618.

44.     On information and belief, Counterclaim-Defendant Hyperice IP Subco, LLC alleges it is a limited liability company organized under the laws of the State of Delaware.

### JURISDICTION AND VENUE

45.     MerchSource incorporates by reference the admissions, denials and allegations set forth in Paragraphs 1-40 as if fully set forth herein.

46.     This Court has subject matter jurisdiction over these Counterclaims

ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS

RENNER OTTO
1621 EUCLID AVE., FLOOR 19
CLEVELAND, OHIO 44115 U.S.A.

under 28 U.S.C. §§ 1331, 1338(a)/(b) and 1367. The Counterclaims include counts for declaratory judgment under 28 U.S.C. §§ 2201 and 2202 which arise under the patent laws of the United States

47.    Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400. By filing its Complaint in this District, Hyperice has consented to personal jurisdiction and venue.

## BACKGROUND

48.    On January 16, 2024, Hyperice filed suit in the United States District Court for the District of Delaware, alleging infringement of the '482 Patent. *Hyper Ice, Inc. v. MerchSource, LLC*, Case No. 1:24-cv-00056.

49.    On February 27, 2024, Hyperice filed a complaint for infringement of the '482 Patent infringement in the present action.

50.    On information and belief, sometime after February 27, 2024, Defendants discovered a scheme on amazon.com in which it could have competing products removed from amazon.com without any prior notice, due process, bond, or substantive review of the merits of its assertion of infringement.

51.    On information and belief, this scheme included first initiating infringement assertions under Amazon's Patent Evaluation Express Procedure (APEX) that certain specified products infringed one of Defendants' patents. On information and belief, the initially specified products and sellers were chosen because they were unlikely to respond to the APEX assertions, effectively resulting in a default and removal of those initially accused products from amazon.com.

52.    On information and belief, once armed with APEX victories, Defendants could take down additional products by simply representing to Amazon that the additional products were materially identical to the products subject to the prior APEX takedowns.

53.    Sellers of these additionally accused products are not provided any prior notice or copy of the assertions, and are not afforded any opportunity to

ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS

RENNER OTTO
1621 EUCLID AVE., FLOOR 19
CLEVELAND, OHIO 44115 U.S.A.

contest the assertions prior to having their products taken down. These sellers do not have the ability to initiate APEX proceedings to counter or contest such assertions. These sellers first learn of the assertions after the products have been removed from amazon.com, and are generally informed that the patent owner's consent or a court order is required to reinstate the products.

54. On information and belief, Defendants also knew that Amazon's APEX proceedings are not available when there is a pending court case concerning the patent and accused product.

55. On June 21, 2024, during the Scheduling Conference in the related Action, Defendants' counsel confirmed that Hyperice utilized the foregoing scheme to remove MerchSource's accused products from amazon.com.

56. Certain of MerchSource's products were removed from amazon.com without any prior notice, due process, or substantive review of the merits of the claims.

57. The MerchSource products that were removed from amazon.com ("Accused Products") included the following:

| Amazon ASIN | Generic Description | Listing Title |
|---|---|---|
| B0BGRLDJB4 | Powerboost Deep Tissue Massager Percussion Device | Sharper Image® Powerboost® Deep Tissue Massager v2.0, Massage Gun with 5 Attachments, Whisper Quiet, Rechargeable Battery - Black |
| B0D2LZ158G | Powerboost Deep Tissue Massager Percussion Device 12mm | Sharper Image® Powerboost® [Amazon Exclusive] Deep Tissue Massage Gun, 5 Attachments, Quiet Motor, Ergonomic Grip, 6-Speed Lightweight Percussion Massager, Full Body Muscle Recovery & Pain Relief |

RENNER OTTO
1621 EUCLID AVE., FLOOR 19
CLEVELAND, OHIO 44115 U.S.A.

ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS

| Amazon ASIN | Generic Description | Listing Title |
|---|---|---|
| B0BF3T1GLV | Powerboost Flex Pivot Percussion Massager | Sharper Image® Powerboost® Flex Percussion Massager, 120° Pivot Massage Gun, 6 speeds, 4 Attachments, Neck Back & Full Body Massage, Compact Pain Relief, Portable Athlete Muscle Recovery, Gifts for Men |
| B0CD8V6MM6 | Powerboost Deep Tissue Massager Percussion Device 12mm | Sharper Image® Powerboost® [Amazon Exclusive] Deep Tissue Massage Gun, 5 Attachments, Quiet Motor, Ergonomic Grip, 6-Speed Lightweight Percussion Massager, Full Body Muscle Recovery & Pain Relief |
| B0BFG72JWH | Powerboost Pro Hot and Cold | Sharper Image® Powerboost® Pro+ Hot & Cold Percussion Massager, Dual-Temperature Node, Soothing Heat & Cold Therapy, 6 Speed, 6 Attachments, Lightweight Portable Athlete Recovery, Travel Case |
| B09HGCMLR5 | Powerboost Move Portable Percussion Massager | Deep Tissue Portable Percussion Massage Gun, Powerboost® Move by Sharper Image - Full Body, Back & Neck Muscle Massager with 4 Attachments - Handheld Rechargeable Electric Massage Gun for Athletes |
| B0B9FBD31Z | Powerboost Move Portable Percussion Massager | Deep Tissue Portable Percussion Massage Gun, Powerboost® Move by Sharper Image - Full Body, Back & Neck Muscle Massager with 4 Attachments - Handheld Rechargeable Electric Massage Gun for Athletes |

RENNER OTTO
1621 EUCLID AVE., FLOOR 19
CLEVELAND, OHIO 44115 U.S.A.

ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS

| Amazon ASIN | Generic Description | Listing Title |
|---|---|---|
| B0CFWWJ2K5 | Powerboost Palm | Sharper Image® Powerboost® Palm Portable Percussion Massager, 4 Attachments, Lightweight Travel, Whisper Quiet, Full Body Deep Tissue Tension Soreness Pain Relief & Recovery, USB-C Rechargeable Gift |
| B0CFWP1G12 | Powerboost Pro Plus Hot and Cold Compact | Sharper Image® Powerboost® Pro+ Hot & Cold Compact Percussion Massager, Dual-Temperature Node, Soothing Heat & Cold Therapy, 6 Speed, 4 Attachments, Lightweight Portable Athlete Recovery, Travel Case |

58.    On information and belief, on or prior to June 18, 2024, Brian Arnold, Associate General Counsel and Head of Intellectual Property for Hyperice, sent to Amazon a report falsely asserting that MerchSource's Accused Products were materially identical to products already removed from amazon.com and infringed the '082 patent.

59.    Prior to submitting the report to Amazon, Defendants never asserted to MerchSource that the Accused Products infringed the '082 patent. Despite the issuance of the '082 patent months ago and during the pendency of the related action, Defendants never contended that the Accused Products infringed the '082 patent or sought an injunction *pendente lite* against these or any other products.

60.    On information and belief, Defendants utilized the foregoing, extra-judicial scheme to thwart MerchSource's ability to generate revenue on amazon.com and to harm MerchSource's business relationships with Amazon and MerchSource's Amazon customers while avoiding judicial review of the infringement allegations.

61.    On information and belief, Defendants did this because they knew that the Accused Products lacked one or more required elements of every claim of the

'082 patent and therefore could not infringe that patent.

62.    On information and belief, Defendants did this at least in part to apply extrajudicial pressure on MerchSource to discontinue its legal defense against Hyperice's claims in its action against MerchSource involving the '482 Patent.

63.    On July 9, 2024, MerchSource filed a complaint for declaratory judgment of non-infringement of the '082 Patent. *MerchSource, LLC v. Hyper Ice, Inc. and Hyperice IP Subco, LLC*, Case No. 8:24-cv-01512.

64.    MerchSource denies that any of its products infringe any valid and enforceable claim of the '482 Patent or the '082 Patent.

65.    An actual case and controversy exists between MerchSource and Hyperice concerning the alleged infringement, validity, and enforceability of the '482 Patent and the '082 Patent, and that controversy is ripe for adjudication by this Court.

**FIRST COUNTERCLAIM – NON-INFRINGEMENT ('482 PATENT)**

66.    MerchSource incorporates by reference the admissions, denials and allegations set forth in Paragraphs 1-65 as if fully set forth herein.

67.    MerchSource has not infringed and is not infringing, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '482 Patent.

68.    An actual controversy exists between MerchSource and Hyperice as to whether MerchSource infringes the '482 Patent, as Hyperice contends, or does not do so, as MerchSource contends.

69.    MerchSource has been injured and damaged by Hyperice's filing of a lawsuit against MerchSource based on the '482 Patent, which MerchSource does not infringe.

70.    MerchSource therefore seeks a declaration that it does not infringe any valid and enforceable claim of the '482 Patent.

RENNER OTTO
1621 EUCLID AVE., FLOOR 19
CLEVELAND, OHIO 44115 U.S.A.

ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS

**SECOND COUNTERCLAIM – NON-INFRINGEMENT ('082 PATENT)**

71.    MerchSource incorporates by reference the admissions, denials and allegations set forth in Paragraphs 1-70 as if fully set forth herein.

72.    MerchSource has not infringed and is not infringing, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '082 Patent.

73.    An actual controversy exists between MerchSource and Hyperice as to whether MerchSource infringes the '082 Patent, as Hyperice contends, or does not do so, as MerchSource contends.

74.    MerchSource has been injured and damaged by Hyperice's filing of a lawsuit against MerchSource based on the '082 Patent, which MerchSource does not infringe.

75.    MerchSource therefore seeks a declaration that it does not infringe any valid and enforceable claim of the '082 Patent.

**THIRD COUNTERCLAIM – INVALDITY ('482 PATENT)**

76.    MerchSource incorporates by reference the admissions, denials and allegations set forth in Paragraphs 1-75 as if fully set forth herein.

77.    One or more of the claims of the '482 Patent are invalid for failing to meet the conditions for patentability under 35 U.S.C. §§ 1 *et seq.*, including §§ 101, 102, 103, and/or 112.

78.    An actual controversy exists between MerchSource and Hyperice as to whether MerchSource infringes the '482 Patent, as Hyperice contends, or does not do so, as MerchSource contends.

79.    MerchSource has been injured and damaged by Hyperice's filing of a lawsuit against MerchSource based on the '482 Patent, which MerchSource does not infringe.

80.    MerchSource therefore seeks a declaration that one or more claims of the '482 Patent are invalid for failing to meet the conditions for patentability under

35 U.S.C. §§ 1 *et seq.*

### FOURTH COUNTERCLAIM – INVALDITY ('082 PATENT)

81. MerchSource incorporates by reference the admissions, denials and allegations set forth in Paragraphs 1-80 as if fully set forth herein.

82. One or more of the claims of the '082 Patent are invalid for failing to meet the conditions for patentability under 35 U.S.C. §§ 1 *et seq.*, including §§ 101, 102, 103, and/or 112.

83. An actual controversy exists between MerchSource and Hyperice as to whether MerchSource infringes the '082 Patent, as Hyperice contends, or does not do so, as MerchSource contends.

84. MerchSource has been injured and damaged by Hyperice's filing of a lawsuit against MerchSource based on the '082 Patent, which MerchSource does not infringe.

85. MerchSource therefore seeks a declaration that one or more claims of the '082 Patent are invalid for failing to meet the conditions for patentability under 35 U.S.C. §§ 1 *et seq.*

### FIFTH COUNTERCLAIM – LANHAM ACT VIOLATION
### (15 U.S.C. §1125(a))

86. MerchSource incorporates by reference the admissions, denials and allegations set forth in Paragraphs 1-85 as if fully set forth herein.

87. One or more of the claims of the '082 Patent are invalid for failing to meet the conditions for patentability under 35 U.S.C. §§ 1 *et seq.*, including §§ 101, 102, 103, and/or 112.

88. An actual controversy exists between MerchSource and Hyperice as to whether MerchSource infringes the '082 Patent, as Hyperice contends, or does not do so, as MerchSource contends.

89. MerchSource has been injured and damaged by Hyperice's filing of a lawsuit against MerchSource based on the '082 Patent, which MerchSource does

RENNER OTTO
1621 EUCLID AVE., FLOOR 19
CLEVELAND, OHIO 44115 U.S.A.

not infringe.

90.    MerchSource therefore seeks a declaration that one or more claims of the '082 Patent are invalid for failing to meet the conditions for patentability under 35 U.S.C. §§ 1 *et seq.*

## SIXTH COUNTERCLAIM – TORTIOUS INTERFERENCE WITH EXISTING AND PROSPECTIVE ECONOMIC ADVANTAGE (Common Law)

91.    MerchSource incorporates by reference the admissions, denials and allegations set forth in Paragraphs 1-90 as if fully set forth herein.

92.    MerchSource has an economic relationship with Amazon that provides MerchSource with the probability of future economic benefit. With knowledge of this relationship and the intent to disrupt it, Defendants made an objectively baseless and bad faith assertion that the Accused Products infringe the '082 patent.

93.    On information and belief, Defendants' assertion was made in bad faith. Defendants knew they were unable to prevail on a claim for patent infringement in a real court, and knew that they would not prevail if they initiated an APEX proceeding for MerchSource's Accused Products. On information and belief, Defendants instead made a false extra-judicial assertion to Amazon that MerchSource's Accused Products are the same as products subject to an unrelated APEX proceeding knowing such false statement would result in the removal of the Accused Products from amazon.com without any due process, prior notice, or consideration of the merits or whether the sale of the Accused Products would, in fact, be an act of infringement of the '082 patent.

94.    Defendants made these assertions with full knowledge that none of the Accused Products have the required "quick-connect system" or configuration to insert or remove the massage head while the piston reciprocates at a first speed.

95.    Defendants' objectively baseless and bad faith extra-judicial assertion caused the actual disruption of MerchSource's relationship in selling the Accused

RENNER OTTO
1621 EUCLID AVE., FLOOR 19
CLEVELAND, OHIO 44115 U.S.A.

Products on amazon.com and, as a result, economic harm to MerchSource.

96.     As a direct and proximate result of Defendants' objectively baseless and bad faith extra-judicial assertion, MerchSource sustained injury to its economic relationship with amazon.com.

## SEVENTH COUNTERCLAIM – UNFAIR COMPETITION (Cal. Bus. & Prof. Code § 17200)

97.     MerchSource incorporates by reference the admissions, denials and allegations set forth in Paragraphs 1-96 as if fully set forth herein.

98.     Defendants' objectively baseless and bad faith assertion of patent infringement made to remove MerchSource's listing of the Accused Products on amazon.com constitutes unlawful and unfair business practices in violation of § 17200 et seq. of the California Business and Professions Code.

99.     As a result of Defendants' actions, MerchSource has sustained substantial injury to its business and reputation, and is entitled to injunctive relief and monetary damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, MerchSource respectfully requests that the Court enter:

a.     Judgment that Hyperice are not entitled to any relief whatsoever, whether in law, equity, or otherwise in this action;

b.     Judgment that Hyperice in all respects;

c.     Judgment declaring all asserted claims of the '482 Patent and the '082 Patent invalid;

d.     Judgment declaring that MerchSource has not infringed (directly, literally and/or under the doctrine of equivalents, indirectly, and/or willfully) any asserted claims of the '482 Patent or the '082 Patent;

e.     Judgment declaring that Hyperice be enjoined from asserting that MerchSource, and its parent, officers, directors, agents, employees, representatives, and/or stockholders, have infringed (directly, literally and/or under the doctrine of

RENNER OTTO
1621 EUCLID AVE., FLOOR 19
CLEVELAND, OHIO 44115 U.S.A.

ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS

equivalents, indirectly, and/or willfully) any claim of the '482 Patent or the '082 Patent;

f.    A temporary and preliminary injunction during the pendency of this action restraining and enjoining Hyperice and those acting on concert with them from making any extra-judicial statements or complaint to any third-party in an attempt to remove the Accused Products from amazon.com or other third-party store or e-commerce site;

g.    A permanent injunction restraining and enjoining Hyperice and those acting on concert with them from making any extra-judicial statements or complaint to any third-party in an attempt to remove the Accused Products from amazon.com or other third-party store or e-commerce site;

h.    An award of restitution, compensatory damages, and punitive and exemplary damages pursuant to California Civil Code § 3294, in an amount to be determined at trial;

i.    Injunctive relief and an award of all monetary damages, enhancements, fees and costs available under the Lanham Act and common law;

j.    A finding that this case is an "exceptional case" under 35 U.S.C. § 285 and that MerchSource is entitled to its attorneys' fees;

k.    An award of attorneys' fees and costs incurred in bringing this Counterclaim; and

l.    Such other and further relief as may be just and proper.

Dated:  May 23, 2025                         Respectfully submitted,

RENNER OTTO


 /s/ *Mark C. Johnson*
Mark C. Johnson
An attorney for Defendant and
Counterclaim Plaintiff
MerchSource, LLC

RENNER OTTO
1621 EUCLID AVE., FLOOR 19
CLEVELAND, OHIO 44115 U.S.A.

---

16
ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS